# Conley *v.* Lincoln Foundry Company.

*Question for jury—Negligence—Master and servant.*

The case is for the jury where the plaintiff's proofs disclose a prima facie case of negligence on the part of the defendant in the relations between employer and employee, and the defendant's proofs directly contradict the plaintiff's allegations. The case is for the jury where plaintiff's evidence discloses the necessity for him as an employee to procure a certain tool left in full sight, in the performance of which act he slipped into an unguarded tub of scalding water,

Submitted May 1, 1900.   Appeal, No. 53, April T., 1900, by defendant, in suit of Patrick Conley against the Lincoln Foundry Company, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1897, No. 563, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.   Opinion by W. W. PORTER, J.

Trespass.   Before KENNEDY, P. J.

[Defendant requested the court to charge the jury that under all the evidence the verdict must be for defendant.   *Answer:* Refused.] [1]

Other facts appear in the opinion of the court.

Verdict and judgment for plaintiff for $400.   Defendant appealed.

*Error assigned* was refusal of defendant's point requesting binding instructions.

*Wm. M. Hall, Jr.,* for appellant.—The plaintiff was a trespasser and the defendant owed him no duty, except to refrain from intentional injury: Gillespie v. McGowan, 100 Pa. 144.

The rule of law is well laid down in Kennedy v. Chase, 119 Cal. 537, and in Brady v. Prettyman, 193 Pa. 628, where it is said an employee who " was not called to the scaffold in the performance of any work under said contract, had no right or business there," and he cannot recover: Clough v. Hoffman, 132 Pa. 626.   To the same effect is Pawling v. Hoskins, 132 Pa. 617.

*Rody P. Marshall,* with him *Thos. M. Marshall,* for appellee. —Both of the cases cited by appellant are entirely different from the present one.

The master is bound to take heed that he does not, through his own want of care, expose his servants to unnecessary risks or dangers from the character of the place in which he requires them to work: Tissue v. R. R. Co., 112 Pa. 91; R. W. Co. v. Bresmer, 97 Pa. 103.

One of the absolute and personal duties, and one which cannot be delegated, and so relieve the master, is that of providing and keeping reasonably safe premises for his servants: Lewis v. Seifert, 116 Pa. 628, 647.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

The only error assigned is the refusal of the court to direct

a verdict for the defendant. The request is based on the allegations, first, that the plaintiff was a trespasser at the time he was injured, because at a place in which he had no right to be under his employment; and, second, that no negligence on the part of the defendant company was proven.

The facts developed by the plaintiff's case are that he was employed as a laborer in the defendant's foundry on August 4, 1896. On August 13 he was engaged in assisting the brick layers who were walling up a pit, some thirteen or fourteen feet deep, which the plaintiff had assisted in digging. In getting in and out of the pit it became necessary to use a ladder, in order that the wall might not be tramped or thrown down. The plaintiff proceeded to search for a ladder, and, within a distance of eighteen to twenty-one feet, seeing one upon a pile of lumber, he went toward it along a path which was narrow and apparently terminated at or near the lumber pile. Before reaching his destination by a few feet, his foot and left leg slipped into a half barrel or tub of scalding water, which was close to the path, was furnished with exhaust steam and level with the surface of the ground. The day was dark and the plaintiff says that the barrel was in a dark and partly enclosed place; that he could not see it; that he had never been notified of its existence. A witness for the plaintiff says that there was no covering over the barrel at the time of the accident, but that one was put upon it the next day. The same witness speaks of the barrel as being "in the walk as you go back to the furnace." The procurement of an implement necessary to the proper performance of his work was incidental thereto. The sight of such an implement at an apparently accessible point and not remote from the place of his labor was justification to the plaintiff's course of action. We cannot agree that he was a trespasser at the time of his injury. He was entitled to have that regard shown for his safety due by an employer to an employee.

The facts above stated, based upon the plaintiff's proofs, disclose a prima facie case of negligence on the part of the defendant. The defendant's proofs directly contradicted many, if not all, of the plaintiff's allegations. To the jury such a case must go; to the jury it was sent by the trial judge in a charge of which no complaint is made.

Judgment affirmed.